Johnson, J.
The 26th section of the crimes act (1 S. &r C. 412), under which the indictment was found, provides:: “ That if any person shall receive or buy any goods or chattels, of the value of thirty-five dollars or upward, that shall have been stolen or taken by robbers, with intent to defraud the owner, or shall harbor and conceal any thief or robber, knowing him or her to be such, every person so offending shall be deemed guilty of a misdemeanor, and,, upon conviction thereof) shall be imprisoned in the penitentiary, and kept at hard labor, not more than five nor less than one year.”
The crime charged, as defined by this section, consists in receiving or buying stolen goods or chattels of the value-of thirty-five dollars or upward, knowing them to be-stolen.
The first count charged that the defendant did unlawfully and feloniously “ receive, have, and conceal” property of the value of upward of thirty-five dollars. Upon this count, which was in legal effect a charge under said section of receiving such stolen goods or chattels, the verdict of not: *488 guilty was rendered, so that the defendant was entitled to his discharge on the charge of receiving stolen goods.
The second count charged that the defendant did unlawfully and feloniously buy and conceal stolen property of the value of upward of thirty-five dollars.
Upon this count he was found guilty as charged, of buying stolen property of the value of under thirty-live dollars, to wit, $3.20.
The verdict of the jury does not warrant a sentence under this section of the crimes act.
It defines a felony, and extends only to cases of receiving or buying stolen goods and chattels where they are worth thirty-five dollars or upward.
Under this section, therefore, the verdict was equivalent to one of not guilty.
It is urged, however, and such seems to have been the opinion of the court below, that upon this verdict the prisoner could be sentenced for concealing stolen goods, under the act of February 29, 1836 (1 S. & C. 439); that as the •charge was, “did buy and couceal,” and as the jury had found him guilty as charged, and that the value of the property was under thirty-five dollars, he could be sentenced for the misdemeanor.
This act provides : “ That if any person shall conceal any ■stolen money, goods, or chattels of any kind whatever, .. . . the person so concealing, knowing the same to have been stolen, shall be considered as an aider, abettor, or .accomplice, and on conviction thereof, shall be fined for ■every such offense in any sum not exceeding two hundred dollars, or shall be imprisoned in the county jail, in a dungeon or cell thereof, if any there be in such jail, and fed on 'bread and water only, during his or her confinement, for any term not exceeding thirty days, either or both, at the discretion of the court.”
This view is based on the theory that the two sections, make the case of a crime within a crime, or a misdemeanor within a felony, and that the greater includes the less.
If this' be true, there is no doubt of the correctness of the *489 judgment below, but if not, then there is error. Under ■an indictment for grand larceny, or for burglary and larceny, or for homicide in the higher degrees, all of which are felonies, the jury may convict of the lesser crimes, or misdemeanors, embraced in the higher charge, for the reason that the lesser crime is embraced in the greater.
To constitute the felony under the second count, the charge of concealing the stolen property was surplusage, as the crime is completed by knowingly buying, whether it is concealed or not.
Being surplusage, it was not necessary to prove it, and the presumption is, no evidence was offered to support this allegation.
The jury were called to pass upon the charge of buying stolen goods, not of concealing them. That was the crime charged, and to that charge their verdict was responsive. Their verdict would indicate that their minds were confined to the statutory offense. They find the value of the property “received, and stolen” not concealed, at so much.
•The case was fully made out, by proof of a purchase of stolen goods, knowingly, of the value of thirty-five dollars or upward, and it is an essential element that there should ■be a buyiug, while under the act of 1836, defining the offense of concealing stolen goods and chattels, the concealment is an essential element, while buying is not.
That the two sections were not intended to define the same offenses, differing only in the value of property, is manifest from other provisions of each.
Section twenty-six makes it a felony “to harbor or conceal the thief,” while under the act of 1836, it is no offense to conceal the thief.
Under section twenty-six, all who are guilty are principals, while under the act of 1836, they are aiders, abettors, or accomplices of the thief.
Concealment would, if proven, tend to ‘show guilty knowledge. It might be therefore proved, not to support the allegation, that he did conceal, but to establish a scienter. *490 The offense would be completely proved when it appeared from the testimony that he knowingly bought stolen goods valued at thirty-five dollars or upward. The guilty knowledge might be shown by positive and direct testimony, without the aid of secondary or circumstantial.
In the absence of anything in the record to the contrary,, we are bound to presume that the material allegations-only of the indictment were proved.
In the charge, as preferred in this second count, the-essential element of the crime was that of knowingly purchasing from the thief or his accomplices; whereas in the misdemeanor it is wholly immaterial whether the goods-were purchased or received from the thief or his accomplices, or were found, if there was a concealment with-guilty knowledge.
To constitute a crime within a crime, the greater must include the less, so that a conviction of the greater would bar a prosecution for the less, and proof of the less would show facts essential to, but falling short of proof of the-greater.
Thus grand and petit larceny are identical, except as to-the value of the property; and murder and manslaughter are alike, except iu degree. In burglary and larceny in the same count, if the proof falls short of the burglary, but establishes the larceny, a conviction can be had, because the-less is embraced in the greater charge. Here, however, an acquittal of the charge of receiving or buying stolen.goods, valued at thirty-five dollars, is no bar to a prosecution for concealing goods of less value. If it was such bar, then this defendant could not be sentenced, for the reason that upon the first count, which also contained a charge of knowingly concealing, the jury acquitted him.
We conclude, therefore, that the court erred iu sentencing the defendant under the act of 1836, for a misdemeanor, which was not a necessary or essential element in the crime-charged in the indictment. 1 Bishop Grim. Law, secs. 775-785.

Judgment reversed.